**Reversed and Rendered and Opinion and Concurring Opinion filed December 19, 2019.**



**In the**

# Fourteenth Court of Appeals

---

**NO. 14-18-00807-CV**

---

**IN THE MATTER OF T.V.T., Appellant**

---

**On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2017-04208J**

---

## CONCURRING OPINION

I join in the court's opinion and write separately to highlight the potential for an absurd result if we did not reach our decision—younger children would be treated under the Juvenile Justice Code, while teenagers at least 14 years of age but less than 17 years of age would not.

Considering the conduct at issue in this case and the absence of aggravating factors such as a lack of consent or any conduct involving serious bodily injury, an attempt to cause death, a threat, the use or exhibition of a deadly weapon, or the administration of an impairing substance, the ages of the two people present the

following hypothetical scenarios. First (and assuming that people younger than 14 years of age could consent to sex), with two people younger than 14 years of age, either or both of those people might hypothetically be accused of being the actor with the other being the victim. Second, with two people at least 14 years of age but less than 17 years of age, then possibly neither of the people could be accused of delinquent conduct or conduct indicating a need for supervision, because that conduct might not violate any criminal statute. *See* Tex. Fam. Code Ann. § 51.03. Third, with one person at least 17 years of age and a person younger than the age of 17, then the existing Romeo-and-Juliet defense to indecency with a child would potentially be available. *See* Tex. Penal Code Ann. § 21.11(b) (limiting this affirmative defense to actor who is of opposite sex than victim).

Our decision avoids this absurd result.


/s/     Charles A. Spain
        Justice


Panel consists of Justices Zimmerer, Spain, and Hassan. (Spain, J., joining opinion and concurring.)